UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED REEVES,

        Plaintiff,                FILE NO. 1:06-CV-497

v.                                      HON. ROBERT HOLMES BELL

B. WOLEVER et al.,

        Defendants.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the action without prejudice for failure to properly exhaust administrative remedies (docket #6). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #8). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

## II.

The Magistrate Judge recommended that the action be dismissed because Plaintiff failed to *properly* exhaust administrative remedies. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006), the Supreme Court addressed whether a prisoner satisfies the exhaustion requirement if he files an untimely or otherwise procedurally defective administrative grievance. The Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386. The Court held that when a prisoner files an untimely grievance and his grievance has been rejected by the prison as untimely, the claim is not "properly exhausted." *Id.* at 2387.

As the Magistrate Judge noted, Plaintiff did not file a timely grievance addressing the incident occurring on August 4, 2002, that is the subject of his complaint. Instead, he did not attempt to grieve the August 4, 2002 incident until May 2004, well beyond the five-business-day time limit for filing grievances in the Michigan Department of Corrections (MDOC).[1] His grievances were rejected as untimely, and the prison and the MDOC refused to process them. (Compl. Ex. E, F, G.) Because his grievances were not timely filed and were rejected by the prison as untimely, the claims were not "properly exhausted" under *Woodford*, 126 S. Ct. at 2393.

Plaintiff argues, however, that the holding of *Woodford* should be limited to the grievance process applicable to the California system addressed in *Woodford*. He argues that, because the MDOC Policy Directives allow the filing of an untimely grievance under certain conditions, *see* MICH. DEP'T OF CORR., Policy Directive 03.02.130(G)(4), a grievance should not be considered procedurally defaulted simply because it was late. Further, because the Policy Directives permit the appeal of a grievance denied as untimely, *see* MICH. DEP'T OF CORR., Policy Directive 03.02.130(I), Plaintiff argues that a prisoner who fully appeals his grievance, regardless of the reason for its denial, should be considered to have "properly exhausted" his administrative remedies.

---

[1] MICH. DEP'T OF CORR., Policy Directive 03.02.130(R) provides that a prisoner must attempt to resolve an issue by speaking with the staff person within two business days of the incident. If he is not satisfied with the response, he may file a Step I grievance within five business days of speaking with the staff person. MICH. DEP'T OF CORR., Policy Directive 03.02.130(X).

3

While Plaintiff's argument is creative, nothing about the *Woodford* decision suggests that the Supreme Court intended to limit its application to the California system. Instead, the Court squarely held that the statute requires "proper exhaustion" of administrative remedies and prevents the filing of a federal action where a prisoner has failed to pursue those remedies in a timely fashion. *Woodford*, 126 S. Ct. at 2388-89. The Court expressly rejected the respondent's argument that "'most grievance systems give administrators the discretion to hear untimely grievances,' and therefore a prisoner 'will be required to file an untimely grievance and thereby give the grievance system' the opportunity to address the complaint." The Court held that, assuming such procedures would prevent a court from concluding that administrative remedies were unavailable unless the prisoner had attempted to file an untimely grievance, such opportunity did not constitute "proper exhaustion" of the remedy as contemplated under the PRLA.

In sum, Plaintiff's grievances were untimely. Therefore, under *Woodford*, Plaintiff did not "properly exhaust" his administrative remedies.

### III.

Having considered Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. The action will be dismissed for failure to properly exhaust administrative remedies.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A judgment consistent with this opinion shall be entered.


Date:   October 31, 2006                     /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE